UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

SHERRY JOHNSON,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, SHERRY JOHNSON, a Texas citizen and resident, and files this Complaint against Defendant CARNIVAL CORPORATION, a Panamanian corporation with its principal place of business in Florida, doing business as CARNIVAL CRUISE LINES, and alleges:

### JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff SHERRY JOHNSON is sui juris and is a permanent resident and citizen of the State of Texas.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all material times Defendant CARNIVAL CORPORATION has done business under the fictitious

JOHNSON v. CARNIVAL CORP.

name "CARNIVAL CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists, based on diversity of citizenship pursuant to 28 U.S.C. §1332; and the amount of damages claimed exceeds $75,000.00, the minimum jurisdictional amount required for diversity of citizenship cases. The damages alleged in Paragraphs 12 and 18 below support an award of damages in excess of $75,000.00.

5. At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

7. The Defendant's principal place of business is located in Miami Dade County Florida. Accordingly, venue is proper in this Court.

8. Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract was sent to Defendant on January 24th, 2019.

JOHNSON v. CARNIVAL CORP.

## **LIABILITY AND DAMAGE ALLEGATIONS**

9.     At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "FREEDOM."

10.    At all material times, the Plaintiff was a fare-paying passenger on board the M/S FREEDOM and in that capacity was lawfully present on board the vessel.

11.    At all material time, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn of or correct dangerous conditions which it had created or of which it actually knew or should have known in the exercise of reasonable care.

12.    On or about November 24th, 2018, while the Plaintiff was lawfully on board the M/S FREEDOM as a fare paying passenger, she was descending the staircase between decks four and three of an interior staircase, when defective metal nosing on the steps caught her foot, causing her to trip and fall down the staircase and suffer debilitating injuries, including a fractured right fibula which required surgical repair.

13.    At all material times including the time referenced in the preceding paragraph, the staircase where the Plaintiff fell was in a high traffic area and was in a condition dangerous to passengers traversing the area in and around it, to wit: there was warped metal nosing on the steps, which was an unreasonably dangerous condition.

14.    As an alternative to the allegations in the preceding paragraph, the condition of the subject staircase had been present before the Plaintiff's fall for a sufficient length of time that the Defendant knew or should have known of it and accordingly had actual or constructive notice of it.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

JOHNSON v. CARNIVAL CORP.

15. As an alternative to the allegations in the preceding two paragraphs, the Defendant created the fall hazard or alternatively either knew or should have known of the dangerous condition, or in the exercise of reasonable care should have known of the condition referred to in the preceding and Defendant thereby owed a duty to Plaintiff to maintain, correct, or warn of the dangerous conditions and to timely remedy the dangerous condition.

16. Notwithstanding Defendant's creation of or actual or constructive knowledge of the hazard posed due to defective metal nosing on the subject staircase, the Defendant at all material times failed to correct the condition or warn of it before the time of the Plaintiff's fall occurred. The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

17. The Defendant's specific negligent acts or omissions consist of one or more of the following:

   a. Failing to maintain the staircase in a reasonably safe condition;
   b. Failing to install the metal nosing in a reasonably safe condition so that it did not create a tripping hazard;
   c. Failing to correct the hazardous, dangerous, or risk creating condition of the staircase and/or metal nosing in a reasonably safe condition prior to Plaintiff's trip and fall;
   d. Failing to conduct routine inspections of the staircase to ensure the nosing did not create a tripping hazard;
   e. Failing to establish, implement, or enforce adequate policies and procedures regarding cleaning and maintenance of the area where Plaintiff fell;
   f. Failing to adequately warn that the staircase where she fell was dangerous;

JOHNSON v. CARNIVAL CORP.

      g. Failing to repair the defective step's nosing;

      h. Failure to adhere to IMO/SOLAS industry standards requiring geometric uniformity of vessel escape routes.

18. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff was injured in and about her body and extremities, sustained a right fibula fracture, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability, aggravation of preexisting injuries, inability to lead a normal life, lost wages in the past, and a loss of her future earning capacity. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

JOHNSON v. CARNIVAL CORP.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 31st day of July, 2019.

                Respectfully submitted,

                **s/RAUL G. DELGADO II**
                NICHOLAS I. GERSON
                Florida Bar No. 0020899
                ngerson@gslawusa.com
                filing@gslawusa.com
                cbenedi@gslawusa.com
                PHILIP M. GERSON
                Florida Bar No. 127290
                pgerson@gslawusa.com
                EDWARD S. SCHWARTZ
                Florida Bar No. 346721
                eschwartz@gslawusa.com
                DAVID MARKEL
                Florida Bar No. 78306
                dmarkel@gslawusa.com
                RAUL G. DELGADO II
                Florida Bar No. 094004
                rdelgado@gslawusa.com
                GERSON & SCHWARTZ, P.A.
                Attorneys for Plaintiff
                1980 Coral Way
                Miami, FL 33145-2624
                Telephone:    (305) 371-6000
                Facsimile:    (305) 371-5749