UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23167-BLOOM/Louis

SHERRY JOHNSON,

    Plaintiff,

v.

CARNIVAL CORPORATION,
*a Panamanian Corporation doing business
as* Carnival Cruise Lines,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Carnival" or "Defendant") Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. [9] ("Motion"). Plaintiff Sherry Johnson ("Johnson" or "Plaintiff") filed a response, ECF No. [18] ("Response"), to which Carnival filed a reply, ECF No. [22] ("Reply"). The Court has carefully considered the Motion, Response and Reply, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part.

### I.    BACKGROUND

This case arises as a result of alleged injuries sustained by Johnson on board one of Carnival's ships, the M/S Freedom. In the Amended Complaint, ECF No. [8], Plaintiff alleges that while she was a passenger on the M/S Freedom, she was going down the staircase between decks four and three when her shoe got caught on the metal nosing on a step, causing her to trip and fall down the staircase. The fall resulted in serious injuries, including a fractured right fibula, which required surgical repairs.

In the Amended Complaint, Johnson asserts a claim for negligence against Carnival based on multiple theories. In the Motion, Carnival seeks dismissal of the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*,

449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

### III. DISCUSSION

In the Motion, Carnival argues that the Amended Complaint is a shotgun pleading, and in any event, fails to sufficiently alleged actual or constructive notice. The Court considers each argument in turn.

At the outset, the Court notes that Plaintiff's counsel have already been advised multiple times in several cases about the disfavor with which the courts in this District and Circuit view shotgun pleadings. The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources. "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Plaintiff's counsel has had at least seven complaints in maritime personal injuries cases stricken or dismissed on the basis that they constitute shotgun pleadings. *See Noon v. Carnival Corp.*, Case No. 1:18-cv-23181-KMW, ECF Nos. [12], [23]; *Elliott-Savory v. Royal Caribbean Cruises LTD.*, Case No. 1:19-cv-23662-RNS, ECF No. [4]; *Humphreys v. Carnival Corp.*, 1:18-cv-24783-RNS, ECF No. [5]; *Lucas v. Royal Caribbean Cruises, LTD.*, 1:19-cv-20914-RNS, ECF No. [5]; *Corgiat v. Carnival Corp.*, 1:19-cv-20577-RNS, ECF No. [4]; *Ortega v. Royal Caribbean*

*Cruises, Ltd.*, 1:19-cv-22453-RNS, ECF No. [5]. Rather than constituting the "preferences of one judge," which are not "rules of civil procedure or even local rules of this district," as Plaintiff contends, the orders in these cases are the Court properly applying federal pleading standards. Moreover, each Court has repeatedly determined that Plaintiff's counsel's complaints fail for the exact same reasons.

Despite Plaintiff's contentions to the contrary, the Court agrees that the Amended Complaint here is another shotgun pleading that does not conform to federal pleading standards.[1] Rule 10(b) states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. [. . .] If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Fed. R. Civ. P. 10(b). Moreover, the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading" that violates Rule 8(a)(2). *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001), *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011). Shotgun pleadings fail to make the connection between "the substantive count and the factual predicates

---

[1] "Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted).

. . . [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006).

Here, the Amended Complaint asserts multiple claims for relief in one section labeled "Liability and Damage Allegations." *See* ECF No. [8] ¶¶ 9-20; *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-80 (11th Cir. 2008) (condemning shotgun pleading that bunched together "untold causes of action" in one count), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff's claims are not separately labeled, though the basis of her claims is negligence based upon at least three different theories—failure to maintain, failure to establish adequate policy and procedures, and failure to warn. *Id.* ¶ 19. These theories should be asserted separately with supporting factual allegations. *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337 (S.D. Fla. 2012) (negligence count that alleged that defendant owed a duty to "provide [ ] reasonable care under the circumstances" and then proceeded to allege at least twenty-one ways in which the defendant breached this duty epitomized a form of shotgun pleading); *Brown v. Carnival Corp.* 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (same, where complaint recited forty-one alleged breaches of a duty to provide reasonable care under the circumstances). On this basis alone, the Amended Complaint is due to be dismissed. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.9-10 (11th Cir. 2002).

However, the Court does not agree that Plaintiff must specifically allege actual or constructive notice in order to sufficiently state a claim for negligence. In order to state a claim for maritime negligence, a plaintiff must allege that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citation omitted). While notice may

ultimately be required in order to impose liability for a plaintiff's injuries, Carnival fails to point to authority supporting the contention that notice must be plead as an element of a negligence claim. *See Keefe v. Bahama Cruise Line, Inc.*, 67 F.2d 1318, 1322 (11th Cir. 1989) ("[T]he benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite *to imposing liability*, that the carrier have had actual or constructive notice of the risk-creating condition . . . .") (emphasis added).

## IV. CONCLUSION

Accordingly, Carnival's Motion, **ECF No. [9]**, is **GRANTED IN PART AND DENIED IN PART**. The Amended Complaint is dismissed without prejudice as a shotgun pleading. Plaintiff shall file her Second Amended Complaint, which complies with applicable federal pleading standards, **on or before January 17, 2020**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 9, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record