UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-23167-BLOOM/LOUIS

SHERRY JOHNSON,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## ORDER ON DISCOVERY

**THIS CAUSE** comes before the Court upon Plaintiff's Notice of Hearing (ECF No. 58); Defendant's Notice of Hearing (ECF No. 60) and Defendant's Memorandum of Law in Support of Its Assertion of Privilege ("Memorandum of Law") (ECF No. 66). This matter was referred to the undersigned United States Magistrate Judge by the Honorable Beth Bloom, United States District Judge, to take all appropriate action on all discovery matters (ECF No. 15). A hearing was conducted on the present discovery disputes on August 20, 2020, at which the undersigned addressed the discovery disputes in open court. An Order was entered by the undersigned following the hearing, which resolved all but one issue: whether the Passenger Injury Statements sought by Plaintiff were protected under the work product doctrine asserted by Defendant (ECF No. 64).

Plaintiff's Request for Production No. 41 seeks any and all documentation regarding all prior fall incidents, including Passenger Injury Statements. In response, Defendant provided Plaintiff with a list of prior similar incidents, but claims that the requested Passenger Injury Statements are

work product. The contested Statements are hand-written statements given by passengers on prior cruises, who have been identified by Defendant as having reported similar accidents occurring on the carpeted stairwells on Defendant's ships. It is not disputed that Plaintiff can discover the facts reported in these Passenger Injury Statements (*id.* at 2). As memorialized in the prior Order, at the hearing on the dispute, defense counsel candidly admitted that he could not identify any portion of the contested Passenger Injury Statements that Plaintiff would be precluded from discovery. Moreover, while Defendant argued that the form on which the statements were written is itself protected work product, because a lawyer chose the questions posed therein, that argument has been dispelled by the fact that Defendant already and voluntarily produced a copy of Plaintiff's own Passenger Injury Statement. Nonetheless, and before compelling production over Defendant's objection and assertion of privilege, Defendant was afforded an opportunity to brief the assertion of privilege by written memorandum (*id.*). Defendant accordingly filed its Memorandum of Law on September 3, 2020 (ECF No. 66) and Plaintiff subsequently responded on September 8, 2020 (ECF No. 67). Upon review of the memorandum and supporting declaration, I find that the Passenger Statements are not work product and are thus, not entitled to even qualified protection from disclosure.

At the discovery hearing, defense counsel conceded that the facts contained within the contested Passenger Injury Statements were not privileged. Nothing contained in Defendant's Memorandum of Law demonstrates otherwise. In fact, the court in *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 642 (S.D. Fla. 2011), a case on which Defendant heavily relies, indicates that a straightforward recitation of objective facts about the circumstances surrounding an accident should not be protected by work product privilege. Other courts have also found that such recitation of facts and circumstances of an accident in the injured party's own words are not protected by work product. In *Holbourn v. NCL (Bahamas) Ltd.*, No. 14-21887-CIV, 2014 WL 12600498, at *1 (S.D. Fla. Oct.

30, 2014), the court addressed the very same issue at hand and found that Passenger Injury Statements were not protected by work product privilege, and ordered the production of all Passenger Injury Statements that involved the same dangerous condition from the prior three years. Similarly, in *Rader v. NCL (Bahamas) Ltd.*, No. 16-CIV-23390, 2017 WL 7796320, at *3 (S.D. Fla. Apr. 27, 2017) the court found that "[w]hile an accident report created after a passenger injury would be protected, certain information contained in those reports—such as the identity of the injured passenger, the date and time the incident took place, the location of the ship and the circumstances leading up to and surrounding the incident—would not be." The *Rader* court ultimately required the defendant to provide complaints made by any passenger that was injured under similar circumstances. *Id.*; *see also Daniel v. Carnival Corp.*, Case No. 19-CV-24792-UU/O'Sullivan (Sept. 21, 2020) (overruling assertion of work product protection over Passenger Injury Statements).

    Nor do I find that Defendant has met its burden to show that the contested statements were prepared in anticipation of or for the principal purpose of preparation for litigation. In anticipation of the noticed hearing on this dispute, Carnival advanced the sworn statement of staff counsel Suzanne Vazquez. In this Declaration, Vazquez attests that "*some* passengers" sue Carnival following an accident onboard, so *most* claims of passenger injuries are investigated (ECF No. 59-1 at ¶ 4-5) (emphasis added). Ms. Vazquez further attests that in Ms. Johnson's case, Carnival anticipated litigation and conducted an investigation, which included taking a Passenger Injury Statement (*id.* at ¶ 9). Ms. Vazquez's Declaration concludes with the attestation that similarly, with respect to the contested Passenger Injury Statements arising from prior similar incidents, that "all Passenger Injury Statements are taken as part of Carnival's accident investigation protocols" and are "prepared in anticipation of litigation" (*id.* at ¶ 10).

    While I credit Ms. Vazquez's statements in part, I do not credit her assertion that the contested

3

Passenger Injury Statements were all prepared in anticipation of litigation. Ms. Vazquez's testimony in this regard conflicts with her explanation that "[w]hen a passenger reports an incident resulting in injury, an accident/incident report is *usually* prepared" in anticipation of litigation, including taking witnesses statements (*id.* at ¶ 5)(emphasis added). Not every reported injury results in an accident report in anticipation of litigation. The Venn diagram of all Passenger Injury Statements and those that end up in an accident report overlap, perhaps significantly, but Vazquez's testimony reveals it is not one circle. Vazquez's testimony reveals no investigation undertaken by her to ascertain the circumstances under which the contested statements were in fact taken. And thus, her statement that the Passenger Injury Statements that Plaintiff moves to compel were all prepared in anticipation of litigation is too conclusory to credit.

Finally, work product privilege is a qualified privilege that "may have to yield to a compelling need for information that can only be found in the protected document." *Eisenberg v. Carnival Corp.*, No. 07-22058-CIV, 2008 WL 2946029, at *3 (S.D. Fla. July 7, 2008). Work product is still subject to discovery "upon a showing that the party seeking discovery has substantial need of the materials in preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Bridgewater*, 286 F.R.D. at 639 (citing *Calderon v. Reederei Claus–Peter Offen GmbH & Co.*, No. 07–61022–CIV–COHN/SELTZER, 2009 WL 1748089, *1–2 (S.D. Fla. June 19, 2009).

As part of the Second Amended Complaint, Plaintiff avers that Defendant knew or should have known about the condition which caused Plaintiff's injury due to prior similar incidents, among other sources of knowledge (ECF No. 28 at ¶ 16). The sought-after information is needed to show that there were in fact prior similar incidents reported to Defendant. It bears repeating that there is no dispute that what the witnesses wrote is discoverable; as a practical matter, this dispute focuses on whether the

Defendant can resist turning over the documents penned by the witnesses in favor of otherwise having them read into the record. Thus, even if the Passenger Injury Statements are work product, those that pertain to injuries similarly cause by the gap on the staircase of the ship are here discoverable.

Based on the foregoing, the Court hereby **ORDERS** that Defendant produce all Passenger Injury Statements that relate to similar trip and fall accidents on the carpeted staircases, as already identified by Defendant, in response to Plaintiff's Request for Production No. 41.

**DONE AND ORDERED** in open court in Miami, Florida this 23rd day of September, 2020.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE