UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23167-BLOOM/Louis

SHERRY JOHNSON,

      Plaintiff,

v.

CARNIVAL CORPORATION,
*a Panamanian Corporation doing business
as* Carnival Cruise Lines,

      Defendant.

_____/

## ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

**THIS CAUSE** is before the Court upon Defendant's Objections to the Magistrate Judge's Order, ECF No. [70] ("Objections"), filed on October 3, 2020. The Court has reviewed the Objections, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Objections are overruled.

**I.      BACKGROUND**

In this case, Plaintiff asserts negligence claims against Defendant as a result of injuries she sustained aboard the Carnival *Freedom*. *See* ECF No. [28]. On August 20, 2020, the parties appeared for a discovery hearing before Magistrate Judge Louis. *See* ECF No. [62]. At issue during the hearing for purpose of the Objections was the production of Passenger Injury Statements ("Statements") regarding prior incidents. Plaintiff seeks to compel production of these Statements, which Defendant contends are privileged under the work-product doctrine.[1] Following the hearing, and additional briefing of the issue by the parties, Judge Louis entered an order, ECF No. [68]

---

[1] Specifically, Plaintiff's Request for Production No. 41 seeks any and all documentation regarding all prior fall incidents, including the Statements.

("Order"), finding that Defendant did not meet its burden of showing that the Statements were prepared in anticipation or for the principal purpose of litigation, and that Plaintiff has a substantial need for the materials. Order at 4. In the Order, Judge Louis concluded that the Statements are not work product, and therefore not entitled to even qualified protection from disclosure. Order at 2. Defendant has objected to this ruling.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that, when timely objections are made to a magistrate judge's order on a pretrial, non-dispositive matter, "[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Pigott v. Sanibel Dev., LLC*, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008). Relief is appropriate under the "clearly erroneous" prong of the test only if the district court "finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quoting *Murphy v. Gardner*, 413 F. Supp. 2d 1156, 1162 (D. Colo. 2006)); *see also Dees v. Hyundai Motor Mfg. Alabama, LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) (stating in reviewing magistrate judge's discovery order that "in the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge"). With respect to the "contrary to law" variant of the test, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id*. (*quoting S.E.C. v. Cobalt Multifamily Inv'rs I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

### III.    DISCUSSION

Defendant argues that Judge Louis's findings that the Statements are not privileged, not prepared in anticipation of litigation, and that Plaintiff has a substantial need for the Statements, are erroneous and contrary to law.

The work product doctrine protects from disclosure materials prepared in anticipation of litigation by a party or its representatives, including, an "attorney, consultant, indemnitor, insurer, or agent[]." Fed. R. Civ. P. 26(b)(3); *see also Hickman v. Taylor*, 329 US. 495, 510-11 (1947) ("Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney."). Work product provides qualified protection for materials that are (1) a document or tangible thing, (2) prepared in anticipation of litigation, (3) by or for a party or its representatives. Fed. R. Civ. P. 26(b)(3)(A). There are two recognized forms of work product—fact work product, which protects information gathered in anticipation of litigation, and opinion work product, which protects attorneys' mental impressions, conclusions, opinions, or legal theories. *Regency of Palm Beach, Inc. v. QBE Ins. Corp.*, 259 F.R.D. 645, 649 (S.D. Fla. 2009). "The party who seeks protection under the work product doctrine bears the burden of demonstrating that the documents at issue were prepared in anticipation of litigation." *Calderon v. Reederei Claus-Peter Offen GmbH & Co.*, No. 07-61022-CIV, 2008 WL 4194810, at *2 (S.D. Fla. Sept. 11, 2008) (citing *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.2d 124, 138 (3rd Cir. 2000). Fact work product is discoverable only if the party seeking it "shows that it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Through this lens, the Court considers the Objections.

Defendant argues that it has met its burden of establishing that the Statements are work product because the primary motivating purpose behind their creation is anticipation of litigation. Defendant relies upon the Declaration of Suzanne Brown Vazquez, ECF No. [59-1] ("Declaration"), the Director of Guest Claims & Staff Counsel for Carnival Cruise Line. In the Declaration, Vazquez describes Carnival's policy to investigate "most" claims of passenger injury in anticipation of litigation, based upon the cruise line's experience that "some" passengers who are involved in accidents seek compensation for their injuries. Decl. ¶¶ 4-5. As such, Carnival "usually" prepares an accident/incident report and collects witness statements, and photographs are taken during the course of investigation.[2] *Id*. ¶ 5. Vazquez attests further that the accident/incident report form was drafted by counsel and used under the direction of counsel in anticipation of litigation, and the Statement is also drafted by counsel. *Id.* ¶ 6. Moreover, according to Vazquez, the primary function of the accident/incident reports, photographs, witness statements, and Statements is to assist Carnival's claims department and defense counsel in litigation. *Id.* ¶ 8. Indeed, it is Carnival's policy to prepare reports, including the Statements, in the case of every reported claim of passenger injury that requires treatment beyond first aid. *Id*. Finally, Vazquez asserts that the "Statements are taken as part of Carnival's accident investigation protocols . . . [and] are prepared in anticipation of litigation[.]" *Id*. ¶ 10.

Following the hearing and review of the parties supplemental briefing, Judge Louis concluded that, based upon the Declaration, not every reported injury results in an accident report in anticipation of litigation, and therefore that not all Statements ultimately form part of an accident report. Order at 4. Significantly, Judge Louis noted that Vazquez's Declaration did not include any explanation or description of investigation undertaken to ascertain the circumstances under which

---

[2] The accident/incident reports and photographs are not at issue in Defendant's Objections.

the Statements were taken, and that as a result, the assertion that such Statements were all prepared in anticipation of litigation is too conclusory to credit. *Id*. In its Objections, Defendant argues that this conclusion indicates that Judge Louis erroneously believed that Statements are created in all cases where an injury is reported; but that based upon the Declaration, Carnival's policy is clear that if an injury requiring treatment beyond first aid is reported, an accident investigation is triggered, resulting in an accident report, the taking of photographs, witness statements, and the Statements. Obj. at 7.

Upon careful review, however, the Declaration does not unequivocally state that Statements are only taken in cases where an accident report is prepared such that the Court can conclude that the Statements should be considered protected in conjunction with an accident report, which the parties here do not dispute is work product. The Declaration is vague—perhaps purposely so—with respect to what circumstances trigger the preparation of Statements. Therefore, Judge Louis's conclusion that the Declaration contains conflicting statements and is too conclusory to fully credit is not erroneous. Indeed, Vazquez states on the one hand that "[i]t is the policy of Carnival Cruise Line to investigate most claims of passenger injuries in anticipation of litigation" based upon the cruise line's experience that "some" passengers involved in accidents will seek compensation for their injuries, resulting in litigation; and then on the other hand, that under this general policy, Statements prepared specifically "in the case of every reported claim of passenger injury that requires treatment beyond first-aid" serve the function to assist the claims department and defense counsel in litigation. Decl. ¶¶ 4-5, 8. If the conclusion to be drawn from these assertions is that Defendant prepares Statements only in cases in which a formal accident investigation is initiated and an accident report is prepared, then it is incumbent upon Defendant to so state explicitly. The Court will not on its own draw this conclusion from a suggestively

5

drafted affidavit or declaration. As such, the Court agrees with Judge Louis's analysis and ultimate conclusion that the Statements are not protected as work product.

Defendant's reliance on *Bounds v. Carnival Corporation*, No. 14-22197-CIV-DIMITROULEAS/Snow, 2015 WL 12712057, at *1-2 (S.D. Fla. Mar. 3, 2015), is unavailing. In *Bounds*, the court concluded that a witness statement of a Carnival employee was protected under the work product doctrine based upon a similar affidavit given by Vazquez; however, *Bounds* did not explicitly deal with Statements, and Vazquez's affidavit in that case did not mention Statements. 2015 WL 12712057, at *1-2; *see also* Case No. 14-22197-CIV-DIMITROULEAS/Snow, ECF No. [51] (Affidavit of Suzanne Brown Vazquez, including no mention of Passenger Injury Statements). In any event, the Statements at issue in this case are of other passengers, not Defendant's employees.

Defendant's reliance on *Eisenberg v. Carnival Corporation*, No. 07-22058-CIV, 2008 WL 2946029, at *2 (S.D. Fla. July 7, 2008) and *Iaquinto v. Carnival Corporation*, No. 05-21652-CIV-JORDAN-KLEIN, 2005 WL 8155984, at *2 (S.D. Fla. Nov. 18, 2005) is similarly unavailing. In *Eisenberg*, the plaintiff sought production of Carnival's accident/investigative reports, and in *Iaquinto*, the plaintiff sought production of employee statements, the incident report, and photographs, none of which are at issue in the Objections. Significantly, neither case involved the production of Passenger Injury Statements.

Finally, Defendant's assertion that the Statements sought by Plaintiff should be protected as work product because there is no record evidence that they are completed for any non-litigation purpose is belied by the ambiguities in the Declaration. Moreover, Defendant's argument overlooks the fact that Defendant carries the burden. In addition, Defendant provides no information to indicate the level of involvement of Defendant's personnel in questioning or

eliciting the information from the passengers for their Statements to aid the Court in its determination. *See Bridgewater v. Carnival Corp*., 286 F.R.D. 636, 644 (S.D. Fla. 2011). Although the court in *Bridgewater* ultimately concluded on the record before it that the subject Passenger Injury Statement was protected as work product, the court also aptly noted that the evidence provided by Carnival in support of its claim to work product protection was "thin" and "disappointingly scant," and warned that "[p]arties who engage in this practice do so at the risk of the Court denying what might be meritorious privilege claims, because they have not given the Court the information needed to support those claims." 286 F.R.D. at 644 & n.7. In this case, the Court finds that based upon the ambiguities in the Declaration, and the lack of any other evidence to support Defendant's claim of work product with respect to the Statements, Defendant has failed to carry its burden of showing that the Statements sought by Plaintiff were prepared in anticipation of litigation, and therefore entitled to protection as work product.

Because the Court agrees that Defendant has failed to carry its burden, Defendant also fails to show that Judge Louis's Order is clearly erroneous or contrary to law. As such, the Court need not consider Defendant's remaining arguments.

## IV.    CONCLUSION

Accordingly, Judge Louis's Order, **ECF No. [68]**, is **AFFIRMED**, and Defendant's Objections, **ECF No. [70]**, are **OVERRULED**. Defendant shall immediately produce the Statements sought by Plaintiff.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 4, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 19-cv-23167-BLOOM/Louis

Copies to:

Counsel of Record