**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 19-cv-23167-BLOOM/LOUIS

SHERRY JOHNSON,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

**ORDER ON DISCOVERY DISPUTES**

**THIS CAUSE** comes before the Court upon Defendant's Notice of Hearing (ECF No. 82). This matter was referred to the undersigned United States Magistrate Judge by the Honorable Beth Bloom, United States District Judge, to take all appropriate action on all discovery matters (ECF No. 15). A hearing was conducted on the noticed discovery disputes on February 9, 2021, at which the undersigned addressed the noticed disputes. This Order memorializes but does not modify the rulings made in open court.

Defendant's Notice of Hearing raises two disputes: (1) compelling Plaintiff to executed authorizations for the release of medical and other records; and (2) continuing the deposition of fact witness Vincenzo Gesuele (ECF No. 82). Neither dispute is timely raised.

Defendant first sought Plaintiff's executed authorizations in September 2020 and followed up during the next few months with emails and a phone call. Having failed to seek relief from the Court earlier, Defendant's request at this point is too late. Pursuant to the Local Rules of this

District, discovery disputes must be by presented to the Court within 30 days from date on which a party first learned, or should have learned, of a purported deficiency concerning the production of discovery materials. S.D. Fla. L.R. 26.1(g). Failure to present the dispute to the Court within that timeframe, absent a showing of good cause for the delay, may constitute a waiver of the relief sought.

Defense counsel offered as good cause that the firm has had administrative staff shortages and general delays caused by COVID-19 related closures. The proffer does not demonstrate good cause, as defense counsel did not explain how these issues impacted the delay in *this* case. Now, with two days left in the discovery period, it is too late for me to find good cause and excuse the delay.

Defendant's dispute regarding the deposition of Vincenzo Gesuele is either untimely or premature, depending on how the dispute is to be understood. Plaintiff began Gesuele's deposition in November of 2020, and thus any issues regarding the continuance of the deposition should have been raised to this court in December 2020. Alternatively, to the extent Defendant seeks a ruling that it may notice the deposition over Plaintiff's objection, Defendant has yet to notice the deposition, and despite Plaintiff's position at the first deposition that she opposed a continuation to another date, she more specifically objected to Defendant continuing the date and continuing to confer with the witness in the interim. Should Defendant notice the deposition, Plaintiff *may* have a well-placed objection to the manner in which Defendant proceeded, but none of that has yet occurred. No relief was afforded on Defendant's second notice dispute, as described herein.

**DONE AND ORDERED** in open court in Miami, Florida this 10th day of February, 2021.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE