UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23167-BLOOM/Louis

SHERRY JOHNSON,

    Plaintiff,

v.

CARNIVAL CORPORATION,
*a Panamanian Corporation doing business
as* Carnival Cruise Lines,

    Defendant.
_____/

**ORDER ON PLAINTIFF'S AMENDED MOTION FOR EXTENSION OF TIME
TO CONDUCT LIMITED DISCOVERY AND TO SEEK ORDER OVERRULING
DEFENDANT'S WORK PRODUCT OBJECTION AS TO
PRIOR ACCIDENT SCENE PHOTOS, TESTING AND MEASUREMENTS**

**THIS CAUSE** is before the Court upon Plaintiff's Amended Motion for Extension of Time to Conduct Limited Discovery and to Seek Order Overruling Defendant's Work Product Objection as to Prior Accident Scene Photos, Testing and Measurements, ECF No. [93] ("Amended Motion"), filed on February 25, 2021. The Court has carefully reviewed the Amended Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Amended Motion is denied.

In this case, Plaintiff asserts negligence claims against Defendant as a result of injuries she sustained aboard the Carnival *Freedom. See* ECF No. [28]. Specifically, Plaintiff alleges that "she was descending an interior staircase between Decks 4 and 3 when a gap between the carpet and metal nosing on a step caught her shoe causing her to lose her balance, trip on the gap, fall down the stairs and thereby sustain serious injuries, including a fractured right fibula requiring surgical repair." *Id*. ¶ 11. The discovery period in this case ended on February 11, 2021.

In the Amended Motion, Plaintiff seeks an extension of discovery in order to obtain photographs and measurements taken by Defendant and its agents during prior internal investigations, of the carpeting, nosing and steps of the staircase on which Plaintiff tripped and fell, and information relating to similar onboard staircases—materials with respect to which Defendant has previously asserted the work-product privilege. Plaintiff asserts that the photographs and measurements are now especially important because the staircases and steps have been refurbished since Plaintiff's fall.[1]

In response, Defendant argues that Magistrate Judge Louis previously sustained Defendant's objection to producing photographs taken in preparation of accident reports regarding prior fall incidents, which ruling Plaintiff did not timely challenge, and that Plaintiff was afforded the opportunity to inspect the subject vessel, but failed to do so. In addition, Defendant argues that the appearance of other stairs on different decks or areas of the ship during different intervals of time has no bearing on the issues in this case, especially since none of the prior incidents involved an alleged trip and fall on a gap between carpeting and metal nosing, and thus would have no bearing on the conditions of the subject staircase at the time of Plaintiff's fall. Defendant represents that the photographs pertaining to Plaintiff's incident investigation have been produced.

In her reply, Plaintiff acknowledges that Carnival has produced some photographs Carnival claims depict the stairs as they were carpeted when Plaintiff fell. *See* ECF No. [106] at 4. However, Plaintiff insists that Carnival's continued claim of work product privilege with respect to

---

[1] Plaintiff states that additional time is also necessary to allow her the opportunity to inspect the vessel, but appears to have abandoned that request in her reply. The Court notes, as Plaintiff appears to recognize, that an inspection of the vessel at this time would not address the underlying issue in any event, since Plaintiff asserts that the carpet on the stairs on the subject vessel was replaced approximately eight to nine months after Plaintiff's fall. ECF No. [106] at 2. Indeed, Plaintiff states that "[c]urrent inspection and photographing of the staircases . . . would not and could not capture the relevant condition of the stairs, carpeting and nosing, that being their condition at the time Ms. Johnson fell." ECF No. [93] at 3.

photographs and measurements of the stairs taken after other falls, which include measurements on the same set of stairs on which Plaintiff fell, should be overruled.

Upon review, however, Plaintiff has waived the argument regarding work product privilege by failing to timely object to Judge Louis's ruling. The record reflects that Judge Louis sustained Defendant's objection to producing photographs taken in preparation of accident reports regarding prior fall incidents because Plaintiff failed to show a substantial need to obtain photographs related to prior fall incidents that would overcome Defendant's assertion of work product protection. *See* ECF No. [64] (dated August 21, 2020). As Defendant points out, Plaintiff did not seek to challenge Judge Louis's ruling. Thus, Plaintiff's challenge now is untimely. *See* Fed. R. Civ. P. 72(a) ("[a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."). Plaintiff filed no objections, and therefore, she may not now belatedly argue the point. *See Ash v. Landrum*, 819 F. App'x 770, 771 (11th Cir. 2020) ("a party who fails to object to a magistrate judge's order in a non-dispositive matter waives the issue") (citing *Farrow v. West*, 320 F.3d 1235, 1248 n.21 (11th Cir. 2003).

Nevertheless, Plaintiff contends that she could not object to Judge Louis's ruling because Defendant's corporate representative—who testified that the carpet was replaced necessarily requiring temporary removal and reinstallation of the metal nosings on the stairway—was not deposed until October 5, 2020. Even so, Plaintiff has not explained her failure to seek relief from the Court until three months later and on the eve of the deadline to complete all discovery.

Indeed, Plaintiff filed her initial motion seeking the same relief as in the Amended Motion on February 10, 2021, *see* ECF No. [87], the day before the discovery cut-off. The Court denied the initial motion without prejudice on February 11, 2021, for Plaintiff's failure to comply with

Case No. 19-cv-23167-BLOOM/Louis

the pre-filing conference requirement in Local Rule 7.1(a)(3). ECF No. [89]. Plaintiff filed her Amended Motion seeking the exact same relief two weeks later, after the discovery period had ended. Thus, even if Plaintiff had not waived the argument, she has not been diligent in her later attempts to obtain relief or demonstrated good cause for the extension she now seeks. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time[ ] on motion made after the time has expired if the party failed to act because of excusable neglect.").

Accordingly, it is **ORDERED AND ADJUDGED**, that the Amended Motion, **ECF No. [93]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 15, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record