UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23167-BLOOM/Louis

SHERRY JOHNSON,

    Plaintiff,

v.

CARNIVAL CORPORATION,
*a Panamanian Corporation doing business as* Carnival Cruise Lines,

    Defendant.
_____/

## OMNIBUS ORDER ON OMNIBUS MOTIONS IN LIMINE

**THIS CAUSE** is before the Court upon Plaintiff Sherry Johnson's ("Plaintiff" or "Johnson") Omnibus Motion in Limine, ECF No. [95] ("Plaintiff's Motion"), filed on March 1, 2021, and Defendant Carnival Corporation's ("Defendant" or "Carnival") Omnibus Motion in Limine, ECF No. [97] ("Defendant's Motion"), filed on March 2, 2021. The Court has carefully considered Plaintiff's Motion and Defendant's Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is granted in part and denied in part, and Defendant's Motion is granted in part and denied in part.

    **I.    BACKGROUND**

The Court assumes the parties' familiarity with the facts of this case. *See* ECF No. [122].

    **II.    LEGAL STANDARD**

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v.*

*Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649

F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

## III. DISCUSSION

### A. Plaintiff's Motion[1]

Plaintiff seeks to preclude Defendant from introducing the following categories of evidence at the upcoming trial:

> (a) Evidence or testimony concerning the non-occurrence of prior or similar incidents/accidents;
>
> (b) Reference to Defendant's expert as "independent" or the examination as an "IME";
>
> (c) Changing testimony given at deposition by the corporate representative;
>
> (d) Comment, reference, argument, or implication that the Plaintiff was referred to treating physicians by her attorney; and,
>
> (e) Evidence of irrelevant medical conditions.

Defendant does not object to Plaintiff's requests to exclude the evidence in category (b). As such, the Court grants Plaintiff's Motion with respect to (b) and now considers the requests to exclude evidence in the remaining categories.

### i. Evidence or testimony concerning the non-occurrence of prior or similar incidents/accidents

In (a), Plaintiff seeks to exclude any argument that the number of reported trip and fall complaints is insignificant considering the number of individuals who have sailed on the *Freedom*

---

[1] Defendant filed a response to Plaintiff's Motion, ECF No. [111], to which Plaintiff did not reply.

or on Conquest Class ships, because Carnival cannot lay the proper foundation for admission of evidence on the lack of similar incidents or complaints. In response, Carnival argues that the introduction of evidence as to the non-occurrence of similar incidents is relevant to support Carnival's position that it acted reasonably under the circumstances and did not have notice as to the alleged dangerous condition.

"Evidence on the lack of similar incidents is admissible if the offering party lays the proper foundation." *Acevedo v. NCL (Bahamas) Ltd.*, 317 F. Supp. 3d 1188, 1195 (S.D. Fla. 2017) (citation omitted). "Evidence of the absence of prior accidents is admissible, but the party seeking to rely on it must show that conditions during the period in question were substantially similar to those prevailing at the time of the accident." *Holderbaum v. Carnival Corp.*, No. 13-24216-CIV-LENARD/GOODMAN, 2015 WL 12085846, at *3 (S.D. Fla. Mar. 4, 2015) (quotations and citation omitted). Plaintiff argues that Carnival cannot establish the number of people who have cruised on the *Freedom,* encountered the same staircase, but did not fall where Plaintiff fell. Moreover, Plaintiff contends that Carnival cannot lay a foundation as to the number of people that were on the *Freedom* or traversed the same steps or staircase over any particular time frame. However, Carnival's corporate representative, Suzie Vasquez, testified regarding the number of people who sail on the *Freedom* each year, and the number of passengers who sail on the same class of vessel each year. ECF No. [98-6] at 32, p. 125. Vasquez also provided testimony regarding the frequency of use of the staircase, and the substantially similar condition of the staircase in the approximately three years prior to Plaintiff's fall. *Id.*; 34, pp. 131-32.

The Court does not find that the proposed evidence is clearly inadmissible on all potential grounds. *Gonzalez*, 718 F. Supp. 2d at 1345. Here, as in *Holderbaum*, the evidence is relevant to the defense of lack of notice. 2015 WL 12085846, at *4 (quoting *Koloda v. Gen. Motors Parts*

*Div., Gen Motors Corp.*, 716 F.2d 373, 376 (6th Cir. 1983) ("The only feasible way of demonstrating lack of notice is to show that the channels which would have normally yielded such information (*i.e.*, reports of prior claims or complaints) did not do so. Such a means of proof should not be precluded without good cause.")). As a result, Plaintiff's motion in limine to exclude such evidence is denied.

### ii. Precluding corporate representative from changing testimony given at deposition

In (c), Plaintiff requests that the Court preclude Vasquez from changing the testimony given at her deposition. Specifically, Plaintiff points to testimony given by Vasquez regarding her lack of knowledge regarding the last time the carpet had been changed, because she did not search for any such changes made prior to Plaintiff. ECF No. [98-6] at 21, p. 81. However, Plaintiff does not indicate how Vasquez's testimony on this point might change, or why Plaintiff would not be able to address any such change upon cross-examination. Accordingly, Plaintiff fails to meet her burden of establishing that such evidence should be excluded.

Plaintiff argues further that Carnival should be precluded from arguing that evidence of the replacement of carpet and nosing after Plaintiff's fall is inadmissible as a subsequent remedial measure, but this argument turns the Court's analysis on a motion in limine on its head. The Court notes that Defendant has represented to the Court that it has "no intent to change its position that the carpet replacement was not a subsequent remedial measure." ECF No. [11] at 5. Whether or not evidence of replacement of the carpet and nosing after Plaintiff's fall is admissible will be considered in its proper context at trial. As such, Plaintiff's motion in limine to preclude Vasquez from changing her testimony is denied.[2]

---

[2] The Court notes that although evidence of subsequent remedial measures is not admissible to prove negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction, it

### iii. Preclude comment, reference, argument, or implication that Plaintiff was referred to treating physicians by her attorney

In (d), Plaintiff requests that the Court preclude any argument or implication that Plaintiff was referred to treating physicians by her counsel. Plaintiff contends that such arguments or implications would be prejudicial, not based in evidence, and inadmissible as attorney-client privileged information. Carnival responds that such evidence is admissible and relevant to impeach Plaintiff's treating physician's credibility or to show the physician's interest in the litigation.

Neither Plaintiff nor Carnival has indicated which physician or physicians may be affected by such potential argument or implication. Nor is it evident from the record whether any physician or physicians in this case provided care to Plaintiff pursuant to a letter of protection, such that they would have a financial interest in the outcome of this case.[3] In addition, it is unclear whether Plaintiff is seeking to exclude the existence of a potential referral, or more, such as discussions between Plaintiff and her attorney regarding referrals. As such, to the extent that Plaintiff sought a referral as part of legal advice she obtained from her attorney, any discussions with her counsel regarding medical consultations would be protected as attorney-client privilege. *Santana v. Carnival Corp.*, No. 09-23113-cv-GOLD, 2011 WL 13220283, at *6-7 (S.D. Fla. Sept. 7, 2011). However, evidence of the fact of referral would be admissible to the extent that Defendant seeks to introduce it to impeach Plaintiff's physicians' credibility on the basis of any bias, or to show

---

may be relevant for other purposes, "such as impeachment or – if disputed, proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407.

[3] "A letter of protection is a document sent by an attorney on a client's behalf to a health-care provider when the client needs medical treatment but does not have insurance. Generally, the letter states that the client is involved in a court case and seeks an agreement from the medical provider to treat the client in exchange for deferred payment of the provider's bill from the proceeds of [a] settlement or award; and typically, if the client does not obtain a favorable recovery, the client is still liable to pay the provider's bills." Caroline C. Pace, *Tort Recovery for Medicare Beneficiaries: Procedures, Pitfalls and Potential Values*, 49 Hous. Law. 24, 27 (2012).

that a physician may have a financial interest in the outcome of this case. *See Siplin v. Carnival Corp.*, No. , 2018 WL 3439452, at *5 (S.D. Fla. July 17, 2018) (denying motion in limine "[b]ecause *Worley* [*v. Cent. Fla. Young Men's Christian Ass'n, Inc.*, 228 So. 3d 18, 26 (Fla. 2017)] allows Defendant to challenge the credibility of Plaintiff's treating physician for the limited purpose of impeachment and to inquire whether the treating physician's practice is based on letters of protection[.]"). Accordingly, Plaintiff's request to preclude any argument or implication that Plaintiff was referred to her treating physicians by counsel is denied.

### iv. Evidence of irrelevant medical conditions

In (e), Plaintiff requests that the Court preclude Carnival from attempting to introduce evidence of irrelevant events in Plaintiff's medical history unrelated to her fall or the damages resulting from her ankle fracture and surgery. Plaintiff refers specifically to her PTSD, and argues that it is not relevant and should be precluded under Rule 403 as it will distract, confuse and mislead the jury regarding the true cause and extent of Plaintiff's damages and mental anguish claims as a result of her fall. Defendant responds that Plaintiff's medical conditions are relevant to the scope of damages and to Defendant's alternate theory of causation.

Plaintiff claims that she sustained damages that include "a fractured right fibula requiring surgical repair, [] pain and suffering therefrom, sustained mental anguish, sustained scarring, disfigurement, disability, aggravation or activation of preexisting injuries, . . . and the inability to lead a normal life." ECF No. [28] ¶ 12. As such, Plaintiff herself has implicated any preexisting injuries and conditions, which are relevant to prove pain and suffering and mental anguish. *See, e.g. Santana*, 2011 WL 13220283, at *6 ("any preexisting injuries that Plaintiff had before her accident from this case are certainly relevant . . . concerning damages and preexisting conditions."); *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069-70 (11th Cir. 2014)

7

("The defendant's ability to present alternate causes is of paramount importance in allowing for an adequate defense."). Plaintiff fails to persuade the Court that such evidence should be excluded under Rule 403, and Plaintiff's motion to exclude evidence of her other medical conditions, including her PTSD, is denied.

### B. Defendant's Motion[4]

Defendant seeks to preclude Plaintiff from introducing the following categories of evidence at the upcoming trial:

(a) Evidence of prior incidents;

(b) Evidence of "phantom damages";

(c) Argument that Carnival has a fleet-wide propensity to develop gaps between carpets and stair nosings;

(d) Citation to nebulous industry standards;

(e) Testimony of Plaintiff's treating doctors for failure to comply with Rule 26 of the Federal Rules of Civil Procedure;

(f) Testimony about leaks by Michelle Fabre;

(g) Reference to a crewmember allegedly wiping down handrail on date of the incident; and,

(h) Testimony of Tim Lorette.

In her Response, Plaintiff asserts that she does not intend to introduce testimony about leaks. As such, Defendant's Motion is granted with respect to (f) and the Court now considers the requests to exclude evidence in the remaining categories.

---

[4] Plaintiff filed a response, ECF No. [116] ("Response"), to which Defendant filed a reply, ECF No. [119] ("Reply").

### i. Evidence of prior incidents

In (a), Defendant asserts Plaintiff should be precluded from introducing evidence of any prior incidents because they are irrelevant and not substantially similar in nature to the subject incident and are too remote in time. Plaintiff responds that the prior incidents are relevant as proof of notice. The Court agrees with Plaintiff.

"[E]vidence of similar accidents might be relevant to defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation." *Jones v. Otis Elevator Co.*, 861 F.2d 665, 661 (11th Cir. 1988) (quoting *Ramos v. Liberty Mutual Ins. Co.*, 615 F.2d 334, 338 (5th Cir. 1980)). In order to be admissible, "conditions substantially similar to the occurrence in question must have caused the prior accident," and "the prior accident must not have occurred too remote in time." *Id*. at 662-63 (citations omitted). Overall, "[d]etermining the remoteness of evidence is within the trial judge's discretion." *Id*. at 663 (citation omitted)

As noted in the Order on Defendant's Motion for Summary Judgment, ECF No. [122], there were sixteen (16) prior fall incidents on staircases on the *Freedom* and sister ships in the Conquest Class in the three years before Plaintiff's fall, at least eight (8) of which involved descriptions of a passenger's shoe getting caught or stuck on the metal strip or the edge of a stair. Moreover, Vasquez testified at her deposition that all of the incidents deal with similar stairs, i.e. guest stairs with carpeting and metal nosing. ECF No. [98-6] at 28, p. 108. The prior incidents occurred within approximately two and one-half years of Plaintiff's fall, and are not too remote in time, especially where there is no evidence that there was a significant change in the conditions of the staircases involved in these incidents. Accordingly, Defendant's request to exclude evidence of prior incidents is denied.

### ii. Evidence of "phantom damages"

In (b), Defendant argues that should Plaintiff attempt to introduce evidence of unspecified "phantom damages," then Defendant should be permitted to introduce evidence of write-offs. The parties appear to agree that to determine damages in this case, *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295 (11th Cir. 2020), applies. The Court also agrees. Therefore, Defendant's motion in limine with respect to unspecified "phantom damages" is denied.

### iii. Argument that Carnival has a fleet-wide propensity to develop gaps between carpets and stair nosings

In (c), Defendant contends Plaintiff should be precluded from arguing that Defendant's vessels fleet-wide had a propensity to develop "carpeting gaps" due to Defendant's design of the staircases and carpeting. Defendant argues Plaintiff has not established any such evidence throughout this case. Plaintiff responds that she intends to introduce evidence of notice as detailed in Plaintiff's MSJ Response, ECF No. [114], and Plaintiff's SMF, ECF No. [113], which includes prior incidents and acknowledgment by Carnival's own crew of the recurring condition that injured Plaintiff.

Plaintiff may introduce appropriate evidence of notice. However, because the Court granted summary judgment in Carnival's favor on Plaintiff's negligent design claim, *see* ECF No. [122], Plaintiff may not argue that Defendant has a fleet-wide propensity to develop "carpeting gaps" due to Defendant's design of the staircases and carpeting. As such, Defendant's motion in limine on this point is granted.

### iv. Citing to nebulous industry standards

In (d), Defendant argues that Plaintiff should be precluded from citing any industry standards that she has not disclosed. Plaintiff responds that she does not know to what Carnival may be referring as nebulous industry standards. As such, it does not appear that there is a true

disagreement with respect to such evidence and Defendant's motion in limine with respect to industry standards not disclosed is granted.

### v. Exclusion of Plaintiff's treating doctors

In (e), Defendant seeks to preclude any testimony by Plaintiff's treating physicians on the basis that they were not properly disclosed as experts. Plaintiff responds that her doctors will be testifying as to their clinical observations in the course of their examination and treatment of Plaintiff.

"A treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party." *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (quoting *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999)).

> The testimony of treating physicians presents special evidentiary problems that require great care and circumspection by the trial court. Much of the testimony proffered by treating physicians is an account of their experience in the course of providing care to their patients. Often, however, their proffered testimony can go beyond that sphere and purport to provide explanations of scientific and technical information not grounded in their own observations and technical experience.

*Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317 (11th Cir. 2011). Indeed, "the ability to answer hypothetical questions is 'the essential difference' between expert and lay witnesses." *Henderson*, 409 F.3d at 1300 (alterations and citation omitted).

As the Court noted in its Order on Defendant's Motion for Summary Judgment, ECF No. [122], Plaintiff's treating physicians may not testify as to the cause of Plaintiff's not-readily-observable conditions or the effect of her fall given her pre-existing conditions because "[e]xpert testimony is required to establish medical causation for conditions not readily observable or susceptible to evaluation by lay persons." *Mann v. Carnival Corp.*, 385 F. Supp. 3d 1278, 1285

(S.D. Fla. 2019) (citing *Rivera v. Royal Caribbean Cruises Ltd.*, 711 F. App'x 952, 954 (11th Cir. 2017) ("When the causal link between alleged injuries and the incident at issue is not readily apparent to a lay person, expert medical testimony as to medical causation is typically required.")). "Expert testimony is also required to distinguish between ailments that a plaintiff had before an accident and those she experienced after—and due to—the incident." *Id*. (citing *Rivera*, 711 F. App'x at 954-55).

Nevertheless, Plaintiff's treating physicians may properly testify with respect to their observations made during the course of their treatment of Plaintiff. As such, Defendant's motion in limine to exclude Plaintiff's treating physicians from testifying is denied.

### vi. Reference to the crewmember allegedly wiping down the handrail on the date of the incident

In (g), Defendant seeks to preclude testimony that there was a crewmember who was cleaning the subject stairs with a wet cloth and a clear bowl of water. Defendant argues that this is not a slip and fall case, and there is no evidence that the stairs were wet or that any potential wetness contributed to the fall. As such, any testimony regarding this crewmember would prejudice Defendant and confuse the issues. Plaintiff responds that testimony regarding the presence of the crewmember is relevant to the issue of notice, relying on *Plott v. NCL Am., LLC*, 786 F. App'x 199 (11th Cir. 2019). Defendant argues in reply that because Plaintiff only assumes or speculates that a dangerous condition existed, a crewmember in the area cannot be assumed to have been on notice of a condition the existence of which is in question.

Defendant's argument is misplaced. As the Court already determined upon summary judgment, there is a genuine issue of material fact as to whether a dangerous condition existed, and whether that condition was open or obvious in Plaintiff's case. *See* ECF No. [122]. Therefore, to the extent that a reasonable factfinder was to conclude that there was a dangerous condition that

was not open or obvious, as in *Plott*, the presence of an employee in the area is relevant to the issue of notice. Here, there is evidence in the record that Carnival tasked its housekeeping staff with monitoring and reporting any discrepancies in the stairs as a part of daily maintenance and cleaning duties. As such, the Court cannot say that testimony regarding the presence of a crewmember in the vicinity of the stairs where Plaintiff fell is irrelevant, nor has Defendant established that such testimony should be excluded under Rule 403. *See Plott*, 786 F. App'x at 203 ("a reasonable factfinder could conclude that" two crewmembers working in close proximity to where Plott fell "knew or should have known about the wet Conservatory floor and should have either removed the hazard or warned Plott of it.").

Defendant's motion in limine to exclude testimony regarding the crewmember cleaning in the vicinity where Plaintiff fell is denied.

### vii. Testimony of Tim Lorette

In (h), Defendant seeks to preclude Tim Lorette from providing any testimony in this case, arguing that the testimony Plaintiff elicited at Mr. Lorette's deposition is not relevant to the issues in this case. Plaintiff responds that Mr. Lorette's testimony is relevant with respect to the issues of notice and causation.

Notably, Defendant does not contend that Mr. Lorette lacks personal knowledge regarding the matters to which he testified during his deposition. Rather, Defendant argues that Mr. Lorette's testimony is too general, not specifically linked to any of the issues in this case, and should be excluded on that basis. The Court disagrees.

Mr. Lorette was the occupational safety manager at the time of Plaintiff's fall, whose responsibilities included the general safety of crew and guests on the *Freedom*. Thus, Mr. Lorette may testify based upon his experience and knowledge gained as the occupational safety manager

employed by Carnival. Defendant is free to explore the extent of such knowledge upon cross-examination and may of course raise any objections to any of Mr. Lorette's testimony at the time of trial. However, Defendant fails to demonstrate that Mr. Lorette's testimony as a whole is not admissible on any relevant ground, such that it should be excluded. Defendant's motion in limine to exclude any testimony by Tim Lorette is denied.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [95]**, and Defendant's Motion, **ECF No. [97]**, are **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 12, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record